**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN MICHIGAN**

DILLION GREEN,

Plaintiff,

Case No.

v.

Hon.

MICHIGAN AIR PRODUCTS CO.,
A domestic corporation,

Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Dillion Green (hereinafter "Thomas"), by and through his attorney Scott P. Batey and the Batey Law Firm, PLLC, and for his First Amended Complaint against Defendant states as follows:

1. Plaintiff, Dillion Green, is a resident of the City of Royal Oak, County of Oakland and State of Michigan. Plaintiff suffers from ADHD which is a disability as it substantially interferes with major life activities.

2. Defendant, Michigan Air Products Co. (hereinafter "Michigan Air") is a domestic corporation whose resident agent is Jillian Dare whose resident address is 1185 Equity Dr., Troy, Michigan 48084 and who is duly authorized to do business in State of Michigan.

3. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4. This Honorable Court has jurisdiction under 28 USC § 1331 and pendant jurisdiction over Plaintiff's state law claims under 28 USC § 1367 and is otherwise within the Jurisdiction of this Court.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

6. The Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination and/or harassment due to Plaintiff's disability, in violation of the American with Disabilities Act of 1990 ("ADA") and the Michigan Persons with Disabilities Act, MCLA §37.1101, *et seq.*, ("PWDCRA") which resulted in mental, emotional, physical, and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. Plaintiff began his employment with Michigan Air Product in May, 2025.

9. Plaintiff suffers from ADHD which substantially interferes with major life activities like writing, reading, concentrating, thinking and communicating and is a disability under the ADA and PWDCRA.

10. Everything was going extremely well for Plaintif, all of the feedback was positive.

11. After three months, Plaintiff had an initial review which went very well with only positive comments, until the end when Plaintiff was asked if there was anything they could do to make the place a better place to work and Plaintiff shared with them that Plaintiff had ADHD and sometimes Plaintiff work better with extra time to complete a project.

12. After that comment, one of the owners scoffed at the notion that ADHD was not real and the entire environment changed.

13. Plaintiff began to be targeted and a few weeks later the owner started yelling at him, fabricating performance issues and telling him maybe he was "not cut-out for a job like this with your ADHD."

14. Plaintiff was terminated shortly after the review due to his disability.

15. Defendant, through its agents, representatives and employees, were predisposed to harass and discriminate against Plaintiff on the basis of his disability

and acted in accordance with that predisposition.

16. Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

17. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") for Defendant's violations of the ADA and FMLA.

18. On or about December 5, 2025 Plaintiff filed a Charge of Discrimination with the EEOC Charge Number 471-2026-013466.

19. On or about July 6, 2026, the EEOC issued a Right to Sue letter to Plaintiff.

## COUNT I
## AMERICANS WITH DISABILITY ACT OF 1990

20. Plaintiff incorporates by reference paragraphs 1 through 21 of the Complaint as though fully set forth herein.

21. At all times relevant, Plaintiff suffered from ADHD which is a disability under the ADA and which caused Defendant to regard and perceive Plaintiff as disabled and which substantially interferes with major life activities.

22. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from harassment, discriminatory treatment and/or denied employment by a perspective employer based upon his disability or perceived disability.

23. Plaintiff's disability was a factor in employment decisions, including creating a hostile work environment for Plaintiff and terminating him due to his disability.

24. Defendant was Plaintiff's prospective employer and an employer within the meaning of the ADA.

25. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon his disability, his perceived or regarded disability, and his request for accommodations, by Defendant, its employees and agents to the point where he was denied employment.

26. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

27. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

a. Violating the laws against discrimination by targeting Plaintiff, fabricating performance issues and creating a hostile work environment despite Plaintiff's ability to perform the essential duties of his job in an exemplar manner;

b. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for his disability; and

c. Violating the laws against discrimination by terminating Plaintiff due to his disability.

28. Defendant and its agents breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

d. Failing to properly warn or advise its agents, employees and supervising personnel to refrain from discriminating against employees.

e. Refusing to provide Plaintiff reasonable accommodations due to his disability; and

f. Terminating Plaintiff due to his disability or his perceived disability.

29. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant and its agents and employees.

30. Because of the unlawful conduct of Defendant, its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety,

emotional distress, loss of self-esteem, loss of earnings and other employment benefits.

31. Defendant's discriminatory conduct was intentional, malicious and/or recklessly indifferent to Plaintiff and Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

**COUNT II**
**VIOLATIONS OF THE MICHIGAN PERSONS WITH DISABILITY ACT, MCLA §37.1101, *ET SEQ.***

32. Plaintiff incorporates by reference Paragraphs 1 through 32 above as though more fully set forth herein.

33. Plaintiff suffers from ADHD which is a disability under the Michigan Persons with Disability Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA) and which caused him to be perceived and regarded as disabled by Defendant.

34. Plaintiff employment with Defendant, was terminated due to his disability and/or being perceived and regarded as disabled by Defendant.

35. Pursuant to the Michigan Persons with Disability Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from harassment,

discriminatory treatment and/or denied employment by an employer due to his disability.

36. Plaintiff's disability was a factor in Defendant's employment decisions, including, but not limited to refusing to accommodate him, creating a hostile and offensive work environment and terminating him due to his disability.

37. Defendant was an employer within the meaning of the PWDCRA.

38. Plaintiff has been subjected to discriminatory treatment based upon his disability by Defendants, its employees and agents to the point where he was denied employment by Defendant due to his disability.

39. Plaintiff is entitled to exemplary and compensatory damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

40. Defendant and its agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

a. Violating the laws against discrimination by declaring Plaintiff's disability a safety concern despite his ability to perform the essential functions of his job in a safe manner;

b. Preventing Plaintiff from having full and fair opportunities to his employment based upon his disability.

c. Terminating Plaintiff due to his disability and/or Defendant's perception of Plaintiff's disability.

41. Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from harassing and/or discriminating against him due to his disability, but Defendant breached that duty and refused/failed to take remedial measures.

42. As a direct and proximate result of Defendants' discrimination of Plaintiff on the basis that she had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

a. Economic damages;
b. Mental anguish;
c. Embarrassment;
d. Anxiety;
e. Emotional distress;
f. Loss of self-esteem.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $75,000.00, plus exemplary and compensatory damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

Dated: October 1, 2026

## DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, Dillion Greeen, by and through his attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

Dated: October 1, 2026